*LAW LIBRARY*

FILED
SUPERIOR COURT
OF GUAM

CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

ESTATE OF TALLIA C. MONTGOMERY,     )     CIVIL CASE NO. CV1848-11
                                    )
                  Plaintiff,        )
                                    )
                                    )
                                    )     **DECISION AND ORDER**
                                    )     (Defendant's Motion to Dismiss)
        vs.                         )
                                    )
                                    )
                                    )
GUAM MEMORIAL HOSPITAL AUTHORITY,   )
                                    )
                  Defendant.        )

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on July 30, 2013, on Guam Memorial Hospital Authority's ("Defendant GMHA") Motion to Dismiss, or in the alternative, Motion for Summary Judgment. Defendant GMHA was represented by Attorney Minakshi V. Hemlani. Plaintiff Estate of Tallia C. Montgomery ("Plaintiff") was represented by Attorney Phillip Torres. Following the hearing, the Court took the matter under advisement. Upon review of the written and oral arguments and legal authorities presented by both parties, the Court hereby issues this Decision and Order **DENYING** Defendant's motion.

## BACKGROUND

On November 17, 2011, Plaintiff filed a Complaint for Negligence against the Guam Memorial Hospital Authority. Defendant GMHA filed its Answer on January 17, 2012. On July 31, 2012, following a Scheduling Conference, the Court issued its Scheduling Order, with a bench trial set for July 17, 2013. On May 8, 2013, Defendant GMHA filed a Motion to Dismiss, or in the alternative, a Motion for Summary Judgment. On the following day,

Defendant GMHA filed an Amended Motion to Dismiss, or in the alternative, a Motion for Summary Judgment. Thereafter, Defendant GMHA filed an Ex Parte Application to Quash Deposition Subpoena. Defendant filed the ex parte application "due to the shortness of time until attendance under the subpoena is required." However, on May 15, 2013, Defendant GMHA filed a Withdrawal of Ex Parte Application. Defendant GMHA withdrew its earlier ex parte application "because shortly after receiving a copy of the motion, Phillip Torres, Esq. contacted [Defendant GMHA's] counsel to advise that the subpoena was cancelled."

At a Further Proceedings before the Court on May 21, 2013, the bench trial initially scheduled for July 17, 2013, was vacated due to the instant motion. Likewise, Plaintiff filed an opposition to Defendant's Amended Motion to Dismiss, or in the alternative, Motion for Summary Judgment. Defendant GMHA filed its Reply on June 20, 2013.

The Court heard oral arguments on July 30, 2013 and took the matter under advisement.

## DISCUSSION

Guam Rules of Civil Procedure 12(b) provides how defenses and objections are to be presented by pleading or motion.

> (b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
> (6) failure to state a claim upon which relief can be granted.
> A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined to one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for which relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert at trial any defense in law or fact to that claim for relief. If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.

Page 2
CV1848-11: Estate of Montgomery v. GMHA
Decision & Order: Motion to Dismiss

Guam R. Civ. P. 12(b)(6).

In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated in the complaint by reference, and documents on which the complaint heavily relies. *Core Tech Int'l. Corp. v. Hanil Eng'g & Const. Co., Ltd.*, 2010 Guam 13 ¶ 29 (citing *Mercado Arocho v. United States,* 455 F.Supp.2d 15, 19 (D.P.R.2006) (quotation omitted)). Dismissal under Rule 12(b)(6) is not proper unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *First Hawaiian Bank v. Manley,* 2007 Guam 2 ¶ 9 (citing *Conley v. Gibson,* 355 U.S. 41, 45-46, (1957). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Id.* Further, the Court is to construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor. *See Id.* (citing *Clegg v. Cult Awareness Network, et al.* 18 F.3d 752, 754-55 (9th Cir. 1994).

The Supreme Court of Guam has also instructed that in ruling on a Rule 12(b)(6) motion to dismiss, the dismissal motion must convert into a summary judgment motion whenever the Court considers extraneous material outside the pleadings. *See Core Tech Int'l. Corp. v. Hanil Eng'g & Const. Co., Ltd.*, 2010 Guam 13 ¶ 29 (citing *Newby v. Gov't of Guam*, 2010 Guam 4 ¶ 18). "[The Guam Supreme Court's] holding in *Newby* accords with the general rule that a Rule 12(b)(6) motion to dismiss must be converted into a Rule 56 motion for summary judgment whenever 'matters outside the pleadings' are presented to and considered by the court:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be

treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56."

*Id.*

Plaintiff argues that the instant case arises out of a negligence claim. Defendant GMHA argues that the Complaint fails to identify any cause of action. *See Def's. Mot. to Dismiss* at 1 (May 8, 2013). Moreover, Defendant GMHA, *inter alia,* argues that allegations of negligence by a health care provider in which treatment provided falls below the accepted standard of practice in the medical community is a claim for medical malpractice. *See Def's. Reply* at 1 (Jun. 20, 2013). Likewise, Defendant GMHA contends that a medical malpractice case cannot be established without expert testimony, and Plaintiff has failed to provide any expert testimony in this case. *Id.* at 2.

Plaintiff maintains that the Complaint herein is based on negligence. "In a case for negligence, the establishment of tort liability requires the existence of a duty, the breach of such duty, causation, and damages." *Guerrero v. McDonald's Int'l Prop. Co.*, 2006 Guam 2 ¶ 9 (citing *Leon Guerrero v. DLB Constr. Co.,* 1999 Guam 9 ¶ 14 (citing Restatement (Second) Torts §§ 281, 282 (1988))). On that basis, the Court finds that Plaintiff has alleged that GMH bore, and breached a duty to employ its "patient checks, controls, and record keeping," which proximately caused the death of Tallia Montgomery." *See Complaint* at ¶¶12, 22-30. Consequently, expert testimony is not required at this juncture of the proceeding, as a matter of law for the cause of action brought forth by the Plaintiff. The Court also agrees with Plaintiff that Defendant has not argued that any genuine issue of material fact exists with regard to the elements of negligence, only that, if the present case were a claim for medical malpractice,

Plaintiff would be unable to support it at trial because of the peculiar nature of medical malpractice claims.

Defendant also moves the Court to dismiss the case at bar pursuant to Rule 12 (c).

(c) Motion for Judgment on the Pleadings. After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.

Guam R. Civ. P. 12(c).

In review of the Complaint and written instruments attached therein as exhibits for purposes of a 12(b)(6) motion, and 12 (c), the Court is satisfied at this time that Plaintiff has pled the instant matter with sufficient facts to support a claim for negligence required under Guam's Rules of Civil Procedure. Likewise, the Court is of the opinion that the instant motion to dismiss can be decided without considering matters outside of the pleadings. Therefore, Defendant's Motion to Dismiss is **DENIED**.

### CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss.

Further Proceedings is set for ___11/19/13___ at _9a.m._.

**SO ORDERED** this __28__ day of OCTOBER, 2013.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

OCT 28 2013

Alvimar D. Quitoriano
Deputy Clerk, Superior Court of Guam

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

Page 5
CV1848-11: Estate of Montgomery v. GMHA
Decision & Order: Motion to Dismiss